FILED
FEB 2 2 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-CR-00139-RWS |
| ) | |
| CODY E. LEGRAND, ) | |
| ) | |
| Defendant. | |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the Defendant, Cody Legrand, represented by defense counsel, Luke Baumstark, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to the charge made in the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the Defendant's possession of a firearm on August 23, 2022, in New Madrid County, Missouri.

1

The Government further agrees that it will request a sentence within, and not above, the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The Defendant further agree that notice of any request for a sentence below the U.S. Sentencing Guidelines range will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The Defendant also agrees, pursuant to the guilty plea, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including any interest in a Ruger .380 caliber semi-automatic pistol, bearing serial number 371538010.

**3. ELEMENTS:**

As to the charge of Felon in Possession of a Firearm, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> (i) The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;
>
> (ii) The Defendant, thereafter, knowingly possessed a firearm;
>
> (iii) At the time the Defendant knowingly possessed a firearm, he knew that he had been convicted of a crime punishable by imprisonment for more than one year; and
>
> (iv) The firearm was transported across state lines at some point during or before Defendant's possession of it.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Prior to this offense, Cody Legrand, knew that he had a prior felony conviction for the following offense:

On June 26, 2015, Cody Legrand was convicted of the felony offense of Burglary in the First Degree and Stealing in the Circuit Court of Butler County, Missouri, in Case No: 14BT-CR092140.

On August 23, 2022, a New Madrid County Sheriff's Deputy was dispatched to a residence to investigate a possible domestic assault complaint. The deputy made contact with Cody Legrand and determined he had an active warrant outstanding for failing to appear in court on a Possession of a Controlled Substance offense. While arresting Legrand on the warrant, the deputy asked Legrand if he had any illegal items on his person. Legrand responded that he had a firearm in his waistband. The firearm was seized and further identified as a Ruger, .380 caliber, semi-automatic pistol, bearing serial number 371538010. The firearm was loaded with five rounds of ammunition in the magazine and a round in the chamber.

By this plea, Legrand admits that he possessed the firearm on August 23, 2022. Legrand further admits that at the time he possessed the firearm he knew that he was a convicted felon. The firearm was manufactured in Arizona, thereby traveling in interstate commerce before being recovered in Missouri. The Ruger .380 pistol is a "firearm" as that term is defined by Title 18,

3

18, United States Code, Section 921(a)(3)(A). The location and possession of the firearm was in New Madrid County, located in the Eastern District of Missouri, Southeastern Division.

### 5. STATUTORY PENALTIES:

The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty to of Felon in Possession of a Firearm is imprisonment of not more than fifteen (15) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of up to three (3) years. In the event the Defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, the Defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

### 6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:

The Defendant understands that the offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties do not have any agreement as to the application of any of the United States Sentencing Guidelines provision, except for a reduction of offense levels for acceptance of responsibility, and leave the application of the Sentencing Guidelines to the Court at sentencing.

**(a) Acceptance of Responsibility:** The parties agree that up to three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the Defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the Defendant's intention to plead guilty. The parties agree that the Defendant's eligibility for this deduction is based upon

information presently known.  If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the Defendant which it believes are inconsistent with Defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(b)  Criminal History:**  The determination of the Defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category.  The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**(c)  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7.  WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:**  The Defendant has been fully apprised by Defendant's counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial

motions, discovery and the guilty plea, the constitutionality of the statute(s) to which Defendant is pleading guilty and whether Defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** Each party reserves its right to appeal any sentencing issue.

**b. Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crimes Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and

further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with Defendant's counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the government's case and any defenses.

The guilty plea could impact Defendant's immigration status or result in deportation. In particular, if any crime to which Defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the Defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

_2/22/23_
Date

JULIE A. HUNTER, #51612 MO
Assistant United States Attorney

_2/24/23_
Date

CODY E. LEGRAND,
Defendant

_2/22/23_
Date

LUKE BAUMSTARK,
Attorney for Defendant